UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : CASE NUMBER 1:07CV00407 (EGS) |
| KENT H. ROBERTS, | : |
| Defendant. | : |

# RULE 26(f) JOINT CONFERENCE REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 16.3(d) and the "Order for Meet and Confer" entered by the Court on May 4, 2007, the parties hereby submit this Joint Conference Report. Pursuant to Local Civil Rule 16.3(d), each party separately submits its proposed scheduling order.

## I.     STATEMENT OF THE CASE AND CONTENTIONS OF THE PARTIES

This is a civil enforcement action seeking disgorgement, civil penalties and injunctive relief arising out of alleged violations of various provisions of the Securities and Exchange Act of 1934 ("Exchange Act"). The SEC alleges violations of 15 U.S.C. §§ 78j(b) and 17 C.F.R. § 240.10b-5 (fraud); 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5) and 17 C.F.R. § 240.13b2-1 (falsifying books and records); 15 U.S.C. §§ 78n(a) and 17 C.F.R. §§ 240.14a-3 and 240.14a-9 (solicitation by false or misleading proxy statement); 15 U.S.C. §§ 78p(a) and 17 C.F.R. § 240.16a-3 (filing false securities ownership report with Commission); 15 U.S.C. § 78t(e) (aiding and abetting).

Defendant Kent H. Roberts served in various capacities as an in-house attorney at McAfee, Inc. ("McAfee") for a number of years until 2006. McAfee is a publicly traded company that manufactures computer network security and anti-virus products, and maintains its principal office in Santa Clara, California. The SEC alleges that Roberts falsified documents relating to stock option grants awarded to himself and other executives at the company, that he made or assisted others in making false statements in proxy statements and stock ownership reports filed with the SEC, and that he aided and abetted McAfee's violations of the Exchange Act's proxy reporting provisions.

Roberts has filed an Answer denying the material allegations of the complaint. He contends that he has not violated any provisions of the Exchange Act or the rules promulgated thereunder. Accordingly, he asserts that the SEC is not entitled to any relief.

## II.     RULE 26(f) CONFERENCE

The Rule 26(f) Conference was held telephonically on May 21, 2007. The following persons participated:

Stephen L. Cohen and Paul G. Lane for Plaintiff, the Securities and Exchange Commission ("SEC").

William S. Freeman, Neal J. Stephens, Shannon M. Eagan and Einat Sandman for Defendant Roberts.

## III.    PROCEDURAL STATUS OF CASE

Currently, there are two motions pending before the Court that may affect the scheduling of the case.

On May 21, 2007, Defendant filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) that asks the Court to transfer this case to the Honorable Marilyn H. Patel of the Northern District of California. By stipulation of the parties, the SEC's Opposition to this motion will be due on June 13, 2007 and the Reply will be due June 20, 2007.

On May 21, 2007, the United States of America filed a Motion to Intervene and to Stay Discovery until the conclusion of a related criminal case against Defendant Roberts, currently

pending before Judge Patel in the Northern District of California, *United States v. Kent H. Roberts*, CR 07-0100-MHP.  By stipulation of the parties, Defendant's Opposition to this motion will be due on June 13, 2007 and the Reply will be due June 20, 2007.  The SEC does not take a position on the United States' Motion to Intervene and to Stay Discovery.

## IV.     MATTERS DISCUSSED BY THE PARTIES UNDER LOCAL CIVIL RULE 16.3(c)

The parties have discussed the following matters in accordance with Local Civil Rule 16.3(c) and the Order for Meet and Confer Report entered by the Court on May 4, 2007:

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Defendant Roberts has not filed a motion to dismiss the Complaint.  The parties believe this case may be resolved by summary judgment, and both parties anticipate that they may file cross-motions for summary judgment.  The parties agree that motions for summary judgment should be filed within 30 days after the close of discovery.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that any other parties shall be joined within 60 days of the date of the Court's scheduling order.  The parties do not anticipate agreements regarding factual or legal issues at this time, but will revisit the possibility of such agreements prior to trial.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The SEC takes no position with respect to proceeding before a magistrate judge.  Defendant Roberts does not consent to proceed before a magistrate judge.

**4.     Whether there is a realistic possibility of settling the case.**

The parties agree that settlement is not likely at this time, but that settlement may be possible in the future.

**5.   Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

At this point, the parties believe it is premature to determine whether the case would benefit from ADR.  There is a possibility that the case may benefit from ADR near the close of discovery.

**6.   Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

See paragraph 1 above.  The parties believe this case may be resolved by summary judgment.  The parties agree that motions for summary judgment should be filed within 30 days after the close of discovery.

**7.   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties do not believe they should dispense with initial disclosures; however, the parties have agreed that initial disclosures shall be exchanged within 14 days of entry of an order on the United States' Motion to Intervene and to Stay Discovery.  The parties also agree that they will not propound any discovery until after entry of an order on the Motion to Intervene and to Stay Discovery.

**8.   The anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that discovery should close 10 months after the date of the Court's scheduling order.

Defendant Roberts believes that no limitations on discovery are necessary at this time. The SEC agrees depending on the outcome of the United States' Motion to Intervene and to Stay.

**9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that expert disclosures shall be made 60 days before the close of discovery. In addition, all depositions of experts shall be completed by the close of discovery.

**10.   In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The parties agree that Rule 23 proceedings are not applicable to this case.

**11.   Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties believe that it is not necessary to bifurcate discovery. The SEC believes that should it prevail on liability at trial, determination of remedies will be bifurcated from the liability phase and determined by the Court.

**12.   The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The SEC believes that the date for the pretrial conference should be set for 90 days after the close of discovery. Defendant Roberts believes that this matter should be transferred to the Northern District of California and that the date of any pretrial conference should be determined by that court.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The SEC requests that the Court set a firm date for trial within 30 to 60 days after the pretrial conference.

**14.**    Defendant Roberts believes that this matter should be transferred to the Northern District of California and that the trial date should be determined by that court.

**Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties do not believe any other matters need be included.

Dated: June 4, 2007                             Respectfully submitted,

COOLEY GODWARD KRONISH LLP
Michael J. Klisch (DC Bar No. 429711)
1200 19th Street, NW
5th Floor
Washington, DC 20036
(202) 842-7800

COOLEY GODWARD KRONISH LLP
William S. Freeman (CA Bar No. 82002)
Stephen Neal (CA Bar No. 170083)
Neal J. Stephens (CA Bar No. 152071)
Shannon M. Eagan (CA Bar No. 212830)
Einat Sandman (CA Bar No. 234776)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 843-5000

By:                 /s/
    Michael J. Klisch (DC Bar No. 429711)

Attorneys for Defendant
KENT H. ROBERTS

| | |
|---|---|
| Dated: June 4, 2007 | SECURITIES AND EXCHANGE COMMISSION<br>100 F Street, N.E.<br>Washington, D.C. 20549-4030<br>(202) 551-4472<br><br>By: _____/s/_____<br>      Stephen L. Cohen (D.C. Bar No. 450015)<br><br>Attorneys for Plaintiff<br>SECURITIES AND EXCHANGE COMMISSION |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  :  <br>  :  <br> Plaintiff,  :  <br>  :  <br> v.  :  <br>  :  <br> KENT H. ROBERTS,  :  <br>  :  <br> Defendant.  :  | CASE NUMBER 1:07CV00407 (EGS) |

**[PLAINTIFF'S PROPOSED] SCHEDULING ORDER**

WHEREAS, the parties have met and conferred in accordance with Fed. R. Civ. P. 26(f) and submitted separate alternative proposed scheduling orders in accordance with Civil Local Rule 16(d), and the Court has considered the parties' proposals; and good cause appearing,

It is therefore, ORDERED that the following schedule is in effect until and unless modified by further order of this Court:

1. The parties will exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) within fourteen (14) days of entry of an order on the United States' Motion to Intervene and to Stay Discovery, unless this Court orders a stay of all discovery.

2. The parties will join any additional parties within sixty (60) days from the date of this Scheduling Order.

3. Discovery in this matter will close ten (10) months after the date of this Scheduling Order, unless this Court orders a stay of all discovery. If a stay is granted, the parties will resubmit a proposed discovery plan at the conclusion of the stay.

CASE NO. 1:07CV00407 (EGS)

4. The parties will exchange expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) no later than sixty (60) days before the close of discovery.

5. All expert depositions shall be completed by close of discovery.

6. The parties will submit any motions for summary judgment within thirty (30) days after the close of discovery.

7. The Court shall hold a pretrial conference ninety (90) days after the close of discovery.

8. The trial in this matter shall be 30 to 60 days after the pretrial conference on a specific date to be determined by the Court.

Signed and entered this ___ day of June, 2007.

 

EMMET G. SULLIVAN  
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | CASE NUMBER 1:07CV00407 (EGS) |
| KENT H. ROBERTS, | : |
| Defendant. | : |

## DEFENDANT'S [PROPOSED] SCHEDULING ORDER

WHEREAS, the parties have met and conferred in accordance with Fed. R. Civ. P. 26(f) and submitted separate alternative proposed scheduling orders in accordance with Civil Local Rule 16.3(d), and the Court has considered the parties' proposals; and good cause appearing,

It is therefore, ORDERED that the following schedule is in effect until and unless modified by further order of this Court or any court to which this action may be transferred:

1. The parties will exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) within fourteen (14) days of entry of an order on the United States' Motion to Intervene and to Stay Discovery, unless this Court or the transferee court orders a stay of all discovery.

2. The parties may start to propound discovery upon the entry of an order on the United States' Motion to Intervene and to Stay Discovery, unless this Court or the transferee court orders a stay of all discovery.

3. The parties will join any additional parties within sixty (60) days from the date of this Scheduling Order.

4. Discovery in this matter will close ten (10) months after the date of this Scheduling Order, unless this Court or the transferee court orders a stay of all discovery. If a stay is granted, the parties will resubmit a proposed discovery plan at the conclusion of the stay.

5. The parties will exchange expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) no later than sixty (60) days before the close of discovery.

6. All expert depositions shall be completed by close of discovery.

7. The parties will submit any motions for summary judgment within thirty (30) days after the close of discovery.

8. In light of the pending Motion to Transfer Venue, no pretrial conference date will be set at this time.

9. In light of the pending Motion to Transfer Venue, no trial date will be set at this time.

Signed and entered this ___ day of June, 2007.

                                            EMMET G. SULLIVAN
                                            United States District Judge