UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,                 Civil Action No. 1:07CV00407 EGS

                                    Plaintiff,                      Judge:  Hon. Emmet G. Sullivan

v.

KENT H. ROBERTS,

                                    Defendant,

and

UNITED STATES OF AMERICA,

                                    Proposed Intervenor.

---

**UNITED STATES' REPLY TO ROBERTS' OPPOSITION TO UNITED STATES'
MOTION TO INTERVENE AND TO STAY DISCOVERY**

---

## INTRODUCTION

The issue is whether Roberts or any defendant can use civil discovery – namely, witness depositions – to defend a criminal case.  There can be no dispute that Roberts intends to do that, first by obtaining Jencks materials and investigative reports in the criminal case, and then by noticing civil depositions before the criminal trial.  The reason is understandable:  Roberts hopes to gain a tactical advantage by using civil depositions to advance his criminal defense.

If civil discovery is not stayed in this case, then the Court is permitting two criminal justice systems: one for white-collar defendants whose fraudulent conduct violates both civil and criminal fraud statutes, and the other for any other criminal defendant.  Under the system proposed by the defense, securities fraud defendants can obtain criminal discovery (such as the FBI 302's of witness statements that the United States is producing in the criminal case) and then cross-examine witnesses during civil depositions before trial.  That system would be very different from the

criminal justice system that applies to other defendants (such as those charged with crimes involving drugs, guns, and immigration violations) who do not violate civil statutes and who cannot depose witnesses.   Those defendants are limited to the criminal discovery rules enacted by Congress, and the same rule should apply to securities fraud defendants when the stay is relatively short.  Here, the trial is set for February 2008 (and would have been set earlier but for other trial conflicts of Roberts' counsel).

The Court's ability to stay the civil case is not a new issue.  Courts have discretion to stay civil discovery, and for the past thirty years, courts routinely have stayed civil discovery during the criminal case.  In an effort to distinguish those cases, the defense argues that courts do not stay discovery when the civil plaintiff is a government entity like the SEC.  In fact, courts have stayed and continue to stay discovery in cases identical to this one.

Likewise, the defense argues that it makes a difference that the civil and criminal charges were filed at the same time.  It does not.  The legal issue before the Court is only whether Roberts should be allowed to use civil depositions to defend the criminal case.  Resolution of that issue does not depend on whether the criminal and civil charges were filed on the same day, or whether there was press coverage.  The only relevance to the filing of simultaneous criminal and civil cases is how a stay affects Roberts' interest in having his civil case proceed expeditiously.  That interest is balanced – as it is in any situation involving a stay of a civil case during a criminal case – against the United States' interests, the SEC's interests, considerations of judicial economy, and the public's substantial interest in the appropriate prosecution of a criminal case pursuant to the criminal discovery rules enacted by Congress.  In this case, the Court should limit Roberts to the same discovery rules that apply to any other criminal defendant.

**ARGUMENT**

I.     THE COURT SHOULD ALLOW THE UNITED STATES TO INTERVENE

Citing a district court's memorandum decision from the Central District of California,

Roberts argues that the Court should deny the United States' motion to intervene because it should

deny any stay of civil discovery.  The weight of authority compels the opposite result.  As the

United States established in its motion to intervene, courts routinely grant intervention in securities

fraud cases, both as a matter of right and permissively, when the cases are substantially similar and

when the United States' interests are not represented by the SEC.  See United States' Motion to

Intervene at 5-8 (collecting cases).  Roberts agrees that the civil and criminal cases are virtually

identical, and the interests of justice support the United States' intervention.

II.    THE COURT SHOULD STAY DISCOVERY UNTIL AFTER THE CRIMINAL TRIAL

A.  Filing Parallel Civil and Criminal Cases Did Not "Create a Discovery Problem"

Roberts' argument is that the government created a discovery problem by bringing parallel

criminal and civil proceedings.  Roberts' Opposition at 3-6, 10.   That argument makes no sense.

Congress created statutes that can be enforced both criminally and civilly and then charged the

United States and the SEC with enforcing those statutes.  That is precisely what the United States

and the SEC are doing here:  enforcing the securities fraud statutes.

To the extent that Roberts suggests that charging the civil and criminal cases

simultaneously is somehow nefarious, see Roberts' Opposition at 1-2, that argument must fail.

Investigations generally proceed along parallel civil and criminal tacks, and there is nothing

inappropriate when the United States and the SEC simultaneously pursue their separate cases.

Indeed, it is entirely appropriate for government agencies to collaborate on their similar

investigations.

Nonetheless, and citing only a newspaper article, Roberts attacks the United States' motives, suggesting that the United States choreographed the timing of its charges only to maximize publicity and destroy Roberts' reputation.  Roberts' Opposition at 1-2.   That criticism is unfounded and unfair, and it is based only on non-attributed scuttlebutt from a local legal newspaper.

Roberts also alleges that the United States and the SEC – two separate agencies with separate clients and different (though overlapping) missions – brought simultaneous civil and criminal charges, knowing that they would not pursue the civil charges until after the criminal case and intending to use a criminal conviction as collateral estoppel in the civil case.  Roberts' Opposition at 1-2.  Boiled down, Roberts accuses the United States of gaming the civil system to deny Roberts an opportunity to defend himself effectively.  Roberts' Opposition at 1-2, 4-5. Roberts' accusation is spurious and based on nothing but supposition.  The United States and the SEC are doing precisely what they ought to do:  pursue serious securities fraud charges.

Certainly Roberts has an interest in proceeding with his civil case, and that is a fair argument.  But hurling unfounded accusations does not change what is at issue:  whether the parties' competing interests ought to result in a stay of civil discovery when there are virtually-identical criminal and civil securities fraud cases.

B.  The Court Has Discretion to Stay Discovery

The only issue here is whether the Court ought to exercise its discretion to stay civil discovery for a short time when a virtually-identical criminal case is pending.  Both parties agree that the Court's inquiry involves a balancing of the competing interests:  (a) Roberts' interest in

proceeding with his civil case; (b) the United States' interest in proceeding with its criminal case under the ordinary criminal discovery rules; (c) the burdens on and potential prejudices to all parties, including the SEC; (d) considerations of judicial economy; (e) the interests of non-parties; and (f) the public's interest in the pending criminal and civil litigation.  See, e.g., Robert's Opposition at 8 (collecting cases); United States' Motion to Intervene at 10-11 (same).

Where the parties disagree is in their relative balancing of those factors.  In particular, Roberts argues that when the United States pursues its criminal and civil remedies, it cannot seek a stay of civil discovery because it has created the conflict.  As a result, Roberts argues, the Court should not consider any prejudice to the United States from the civil case.  In support of his argument, Roberts cites a handful of district court cases.

It is true that some district courts have denied a stay of civil discovery in cases involving parallel civil and criminal cases.  In the cases that Roberts cites, however, the courts still evaluate the potential prejudice to the United States.  In SEC v. Sandifur, 2006 WL 3692611, *3 (W.D.Wash. 2006), for example, the district court denied the United States' motion to stay the depositions of several witnesses absent a showing of prejudice from those depositions, particularly given that defendant's substantial interest in the timely litigation of serious civil charges.  But the issue in those fact-specific cases is not whether a court has the discretion to stay discovery.  It can. The issue is whether the court ought to stay discovery, given the particular facts of the case.

Thus, in other cases involving parallel civil and criminal securities fraud cases, courts routinely stay discovery.  For example:

- In SEC v. Chestman, 861 F.2d 49, 49 (2nd Cir. 1988) (per curiam), the Second Circuit upheld the district court's stay of civil discovery based on a parallel criminal action involving the same facts, noting the government's "discernable interest in intervening in order to prevent discovery in the civil case from being

used to circumvent the more limited scope of criminal discovery."

- In <u>SEC v. Johnson</u>, No. C-05-36 (GK) (D.D.C. July 18, 2005) (attached as Exhibit 1), the SEC and the United States filed virtually-identical civil and criminal actions on the same day, with coordinated publicity, charging securities fraud charges involving revenue inflation. Recognizing that the United States and the SEC were providing "massive" document discovery, the court stayed production of 302's, transcripts of prior testimony, and depositions based on concerns that the criminal prosecution would be jeopardized.

- In <u>SEC v. Doody</u>, 186 F. Supp. 379, 380-82 (S.D.N.Y. 2002), the district court granted the United States' motion to intervene in a parallel SEC action charged on the same date that the grand jury returned an indictment.  The SEC case charged the criminal defendant, his father, and his girlfriend with insider trading, while the indictment charged only the defendant.  <u>Id.</u> at 380-81.  The father objected to the stay based on his compelling need to proceed expeditiously in his civil case, but the court stayed discovery until the earliest of (a) the conclusion of the criminal case, which was set for trial in four weeks, or (b) approximately five weeks.  <u>Id.</u> at 381-82.  In fashioning the stay, the court recognized the case was different than most parallel cases, which involve common defendants.

- In <u>SEC v. HGI</u>, 1999 U.S. Dist. LEXIS 17377 (S.D.N.Y. 1999), the district court stayed civil discovery in an SEC action involving boiler room practices for approximately three months based on a criminal investigation and, if the case were indicted within three months, until the conclusion of criminal proceedings.  In staying discovery, the court recognized that courts "commonly stay discovery" until a parallel criminal case is completed, even prior to indictment, and it recognized that a defendant should not be able to dodge the restrictions on criminal discovery, that a stay promoted judicial efficiency, and that the public's interest in the criminal process outweighed any prejudice to the defendant.

- In <u>SEC v. Downe</u>, 1993 WL 22126, *1, *11 (S.D.N.Y. 1993), the SEC charged insider trading, and the United States moved to intervene based on its ongoing grand jury investigation involving the same facts.  The court stayed civil discovery for approximately six weeks to allow indictment and ordered that the stay would extend to the conclusion of the criminal case if it were indicted.  <u>Id.</u> at *11-*14.  In balancing the competing interests, the court recognized the appropriateness of a stay to avoid giving a criminal defendant the unfair advantage of the liberal civil discovery rules.  <u>Id.</u> at *12-*13.

- In <u>SEC v. Gerhardt</u>, No. 3:07CV270 JCH (E.D. Mo. May 15, 2007) (attached as Exhibit 2), the SEC and the United States filed virtually-identical civil and criminal actions roughly five weeks apart.  Recognizing that a stay of a civil case is most appropriate when a party has been indicted for the same conduct, and given the

public's interest in ensuring that the criminal discovery process is not subverted, the court stayed all civil discovery until the end of the trial in the criminal case.  In reaching this conclusion, the court also concluded that the SEC's agreement to the stay weighed in favor of the stay, and it held that a stay would not unduly interfere with the court's management of its docket.

- In <u>SEC v. Naccio</u>, 2005 WL 1799372, *1, *4-*6 (D. Colo. 2005), the United States sought a stay of a civil case charging various securities laws violations that were directly related to an ongoing criminal investigation.  Recognizing that absent a stay, some defendants might gain access to discovery that they could not get under the criminal discovery rules, the court stayed discovery for approximately two months, noting that it would address the need for any additional stays at that time.

- In <u>SEC v. Mutuals.Com</u>, 2004 WL 1629929, *2-*3 (N.D. Tex. 2004), the SEC charged two securities fraud violations regarding market timing and late trading.  The related criminal complaint charged a securities fraud conspiracy based largely on the same facts, though it did not allege late trading.  Recognizing the limited criminal discovery rules, the court stayed all civil proceedings until after the trial in the criminal case (but provided for an automatic lift of the stay if the case were not indicted in 90 days).  <u>Id.</u> at *4.

- In <u>SEC v. Mersky</u>, 1994 U.S. Dist. LEXIS 519 (E.D. Pa. 1994), the district court stayed civil discovery in an SEC action charging 17 defendants with securities fraud violations on the ground that it would prejudice the United States' ongoing criminal investigation of the defendants.  In balancing the competing interests, the court recognized the United States' substantial interest in preventing the defendants from circumventing the limited discovery available in the criminal proceeding.

In sum, Roberts' arguments are unpersuasive.  While a handful of courts have allowed some civil discovery, other courts routinely stay discovery in cases like this one where the criminal and civil actions are virtually identical.

The discovery at issue in Roberts' civil case is only depositions because the United States has already provided Roberts full access to the documents and prior SEC testimony, and it will provide witness statements memorialized in FBI 302's.  Roberts wants to use the civil discovery rules to depose witnesses, but permitting him civil discovery would undermine the policies underlying criminal discovery.  While the criminal case is pending, the Court should limit Roberts

to the same discovery that applies to any other criminal defendant.

## CONCLUSION

The United States asks the Court to allow it to intervene in this action and stay all

discovery and disclosure requirements under Federal Rule of Civil Procedure 26 until after the

disposition of the criminal case.

Dated:  June 20, 2007                              Respectfully submitted,

                                                   SCOTT N. SCHOOLS
                                                   United States Attorney

                              By:     /s/ Laurel Beeler_____
                                      LAUREL BEELER (CA Bar No. 187656)
                                      TIMOTHY J. LUCEY (CA Bar No. 172332)[2]
                                      Assistant United States Attorneys
                                      450 Golden Gate Avenue, 11th Floor
                                      San Francisco, CA 94102
                                      PH:  (415) 436-7200
                                      FAX:  (415) 436-7234
                                      E-mail:Laurel.Beeler@usdoj.gov
                                              Timothy.Lucey@usdoj.gov

---

[2]  D.C. Bar No. 453889 (inactive status).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,      Civil Action No. 1:07CV00407 EGS

                        Plaintiff,             Judge:  Hon. Emmet G. Sullivan

v.

KENT H. ROBERTS,

                        Defendant,

and

UNITED STATES OF AMERICA,

                        Proposed Intervenor.

---

**DECLARATION OF LAUREL BEELER IN SUPPORT OF UNITED STATES' REPLY TO ROBERTS' OPPOSITION TO UNITED STATES' MOTION TO INTERVENE AND TO STAY DISCOVERY**

---

I, Laurel Beeler, declare as follows:

1.  I am an Assistant United States Attorney in the Northern District of California assigned to the criminal case.

2.  Attached as Exhibit 1 is a true and correct copy of the memorandum opinion and order in <u>SEC v. Johnson</u>, No. C-05-36 (GK) (D.D.C. June 18, 2005) (obtained from PACER).

3.  Attached as Exhibit 2 is a true and correct copy of <u>SEC v. Gerhardt</u>, No. 3:07CV270 JCH (E.D. Mo. May 15, 2007) (obtained from PACER).

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 20, 2007, in San Francisco, California.

                        /s/ Laurel Beeler
                        LAUREL BEELER

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE　　　:
COMMISSION,　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff,　　　　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　　**Civil Action No. 05-36 (GK)**
　　　　　　　　　　　　　　　　:
CHARLES JOHNSON, JR., *et al.*,　:
　　　　　　　　　　　　　　　　:
　　　　　　　Defendants,　　　　:
　　　　　　　　　　　　　　　　:
　　　　　and　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Intervenor.　　　　:

## <u>MEMORANDUM OPINION</u>

The United States of America has moved to intervene in this civil action and has moved for a stay of discovery ("Motion"). The Plaintiff, Securities and Exchange Commission ("SEC" or "Commission"), does not object to the Motion. All Defendants have vigorously opposed both intervention and a stay of discovery, although their pleadings focus primarily on their opposition to the stay of discovery. Upon consideration of the lengthy papers submitted by the parties, the extensive case law cited, and the record in this case, the Court concludes that the Motion to Intervene and for a Temporary Stay of Discovery should be **granted**, but only upon the specific conditions set out in the accompanying Order.

On January 10, 2005, the SEC filed this civil lawsuit against Defendants alleging that they committed fraud by materially and implicitly inflating the amounts and revenue of PurchasePro.com, Inc. ("PurchasePro"). On the very same day, and with coordinated publicity, the Department of

Justice ("DOJ") filed a 31 count indictment against five of the six Defendants in this civil lawsuit, alleging conduct similar to that alleged by the SEC. The indictment charges a conspiracy to inflate PurchasePro's revenues involving officers at AOL and PurchasePro. Many of the same transactions are charged in both the civil and criminal cases. In addition, certain Defendants were charged with lying to auditors in violation of 15 U.S.C. § 78m(b)(1); wire fraud in violation of 18 U.S.C.§§ 1343, 1346, obstruction of justice in violation of 18 U.S.C. § 1512; and false statements in violation of 18 U.S.C. § 1001.

**I.      Intervention is Appropriate Pursuant to Fed. R. Civ. P. 24(a)(2)**

It is clear that the Government satisfies the requirements of Fed. R. Civ. P. 24(a)(2). First, the Motion is timely, given that the Government filed it approximately five weeks after the filing of the present lawsuit. Second, the DOJ, given its law enforcement responsibilities, has a clear interest in the subject matter of this civil lawsuit and any impact it may have upon prosecution of its criminal case. Third, the DOJ alleges that its ability to protect the integrity of the prosecution of the criminal case may be impaired or impeded if civil discovery under the Federal Rules of Civil Procedure is allowed to go forward in the normal course of events in this case. For purposes of considering intervention, the Court concludes that the Government has satisfied this requirement. The issue will be further discussed, infra. Finally, the Court concludes that the parties to this civil action would not adequately represent the specific interest of the DOJ. Obviously, the Defendants would not represent that interest. The SEC's overriding statutory responsibility is to ensure enforcement of the securities fraud laws. As the District Court noted in SEC v. Downe, 1993 WL 22126 at 11 (S.D.N.Y. 1993), "even though the SEC is involved in this action, the United States Attorney may have an interest in this litigation which is qualitatively different from the SEC's

interest.  Moreover, the United States Attorney is better equipped to explain its need for intervention in the instant case due to a parallel criminal investigation, rather than using the SEC as a conduit for such arguments."  Id., 1993 WL 22126 at 12.

Finally, it is fair to say that the Defendants do not vigorously oppose intervention per se, because their real opposition is reserved for the Government's request for a stay of discovery.

## II.  The Government is Entitled, in the Context of This Case, to a Stay of Discovery That is Limited in Both Duration and Substance

As noted earlier, the SEC and DOJ coordinated the filing of these two cases on January 10, 2005.  The criminal case was filed in the Eastern District of Virginia, Alexandria Division, and was assigned to the Honorable Walter D. Kelley, Jr.  On March 4, 2005, Judge Kelley set the trial date in his case, which he described as "an extraordinarily complex case that involves hundreds of sophisticated financial transactions and will require a substantial volume of evidence," for August 15, 2005.  Since that time, in part because of the complexity of the case and difficulty of completing discovery, Judge Kelley was forced to continue the August 15, 2005 trial date indefinitely.  He has scheduled a status conference for December 2005, at which he will set the 2006 trial date.  Defendants have represented in their July 8, 2005 Notice of Action in Related Case, filed herein, that because of scheduling conflicts among Defendants' counsel, the earliest opportunity for a trial in the criminal case would be the summer of 2006.

Initially, in its opening memorandum of law, the Government requested a broad and unlimited stay of discovery because "[p]ermitting civil discovery to go forward prior to the conclusion of the criminal trial would allow the Defendants to evade the criminal discovery rules that have been designed to ensure the integrity and fairness of the criminal prosecution. . . .  Without a limited stay of discovery, the pending criminal prosecution could be prejudiced.  Thus, the public

interest in law enforcement requires that the requested stay be granted." Government Memorandum of Law, p. 2. In its Reply, the Government took a far narrower position and conceded that its real concerns centered on three specific categories of evidence: production by the SEC of approximately 32 confidential FBI "302" reports of Special Agents; the production by the SEC of approximately 15 transcripts of prior sworn testimony taken by the SEC during its investigation; and most importantly in the Government's view, the taking of depositions by the Defendants of witnesses who they anticipate will be called to testify at the criminal trial sometime in 2006. As to paper discovery, Judge Kelley's Order of June 29, 2005, indicates that an enormous number of documents have been exchanged.[1]

It is clear from the numerous cases cited by the Government that federal courts have for many years exercised their discretion to stay civil discovery pending the outcome of a parallel criminal proceeding because "the Government's interest in preserving the secrecy of [an] ongoing criminal investigation outweighs the [defendant's] need for . . . information [through civil discovery]." Founding Church of Scientology of Washington, D.C., Inc. v. Kelley, 77 F.R.D. 378, 381 (D.D.C. 1977). In language that is particularly appropriate to the present case, our Court of Appeals noted in Securities & Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368, 1375-76 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980), that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." That is precisely the situation presented in this case. Moreover, both the DOJ and the SEC have

---

[1]    Judge Kelley noted that over five million pages of documents in both electronic and hard copy format have been produced by the Government to the Defendants in the criminal trial.

-4-

demonstrated their willingness to accommodate the discovery needs of the Defendants, in both the criminal and civil cases, by providing massive amounts of document discovery and third party discovery.

What the DOJ and the SEC object to providing are the "302" Reports, the transcripts of prior sworn testimony, and depositions of those who may testify for the Government in the criminal case, because of their fear that the integrity of the criminal proceeding will be undermined. The legitimacy of that concern has long been recognized in case law and has been acknowledged by staying the related civil procedure when there are parallel civil and criminal cases.

Defendants do cite several cases in which either stays of the type sought here have been denied or judges have voiced great concern about the simultaneous filing of civil and criminal cases when there is no good faith intention of proceeding with the civil case. However, those cases are distinguishable from the present situation. Here, there is nothing to suggest that the SEC does not plan to proceed with the civil case and indeed has been providing limited discovery to the Defendants. Moreover, the Government is correct that even with the delayed trial date in the criminal case, completion of that trial will undoubtedly occur long before conclusion of the trial in this civil case. By the time the criminal case is concluded and what is expected to be lengthy testimony has been taken in open court, all parties may have a very different view of what issues should predominate in the civil trial, and what witnesses and documents will be most convincing to a jury.

Defendants argue vigorously that any stay of discovery in the civil case merely lengthens the period of time during which they will be severely prejudiced in their abilities to obtain employment, support themselves and their families, and remove the stain on their reputations. That argument,

-5-

while appealing, is simply not realistic.  As a practical matter, it is the outcome of the criminal trial which is far more likely to have a decisive impact on Defendants' reputations and their abilities to support themselves and their families.  Given the fact that the civil trial cannot possibly conclude prior to the criminal trial, the Court does not find that a stay of civil discovery, under the conditions which will be imposed, will prejudice the Defendants in this case.  What the Court does find is that to deny the stay sought will prejudice the Government in its prosecution of the criminal case since Defendants would have the enormous benefits of far-ranging civil discovery to which they would not be normally entitled under Federal Rules of Criminal Evidence.

In <u>SEC v. Beacon Hill Asset Management, L.L.C.</u>, 2000 WL 554618 (S.D.N.Y. 2002), the Court imposed certain conditions upon imposition of the stay which this Court also deem appropriate.  In addition, because the length of delay in the criminal trial may well effect the conditions of the stay, the Court will also set a time limit to the stay.

For the foregoing reasons, the Court **grants** the Motion to Intervene and for a Temporary Stay of Discovery upon the conditions set forth in the accompanying Order.


July 18, 2005                                   /s/
                                        Gladys Kessler
                                        United States District Judge

-6-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 05-36 (GK)** |
| | : | |
| **CHARLES JOHNSON, JR., *et al.*,** | : | |
| | : | |
| **Defendants,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Intervenor.** | : | |

## <u>ORDER</u>

The United States of America has moved to intervene in this civil action and has moved for a stay of discovery ("Motion"). The Plaintiff, Securities and Exchange Commission ("SEC" or "Commission"), does not object to the Motion. All Defendants have vigorously opposed both intervention and a stay of discovery, although their pleadings focus primarily on their opposition to the stay of discovery. Upon consideration of the lengthy papers submitted by the parties, the extensive case law cited, and the record in this case, the Court concludes that the Motion to Intervene and for a Temporary Stay of Discovery should be **granted**, but only upon the specific conditions set out herein:

**WHEREFORE**, it is this 18th day of July, 2005, hereby

**ORDERED** that the United States shall be allowed to intervene pursuant to Fed. R. Civ. P. 24(a)(2); and it is further

**ORDERED** that the following categories of discovery are stayed:

1.      Rule 26(a)(1) discovery;

2.      Production of transcripts of SEC testimony and notes of interviews of any person, and "302" statements of any person whom the United States Attorney for the District of Columbia and/or the Chief of the Criminal Division of the Department of Justice certifies may be called as a witness in the pending criminal proceeding in the United States District Court for the Eastern District of Virginia;

3.      Depositions, interrogatories, requests for admission, and any other discovery that would create statements of any person whom the United States Attorney for the District of Columbia and/or the Chief of the Criminal Division of the Department of Justice certifies may be called as a witness in the criminal proceeding pending in the United States District Court for the Eastern District of Virginia; and it is further

**ORDERED** that the above-mentioned stay of discovery is in effect until January 15, 2006; and it is further

**ORDERED** that the parties shall submit a Joint Praecipe no later than January 1, 2006, informing the Court about the status of the criminal proceeding pending in the United States District Court for the Eastern District of Virginia, and what, if any, effect the status of those proceedings may have upon the stay in this case.


                                        /s/_____
                                        Gladys Kessler
                                        United States District Judge


**Copies via ECF to all counsel of record**

EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SECURITIES AND EXCHANGE       )
COMMISSION,                   )
                              )
          Plaintiff(s),       )
                              )
     vs.                      )          Case No. 4:07CV270 JCH
                              )
GARY C. GERHARDT,             )
                              )
          Defendant(s).       )

**MEMORANDUM AND ORDER**

This matter is before the Court on the Government's Motion to Intervene and for Temporary Stay of Discovery, filed April 10, 2007.  (Doc. No. 12).  The matter is fully briefed and ready for disposition.

On February 6, 2007, Plaintiff Securities and Exchange Commission ("SEC") filed its Complaint in this matter against Defendant Gary C. Gerhardt ("Gerhardt").  In its Complaint, the SEC alleges Gerhardt violated Sections 17(a), 10(b), 14(a), and 13(b)(5) of the Exchange Act, and further committed a series of corresponding violations of the Exchange Act Rules.

On March 15, 2007, a Federal Grand Jury in the Eastern District of Missouri returned a ten-count indictment, charging Gerhardt with conduct virtually identical to that charged by the SEC.  The Government now moves to intervene in this action, either as of right under Fed.R.Civ.P. 24(a)(2), or permissively, under Rule 24(b)(2).  The Government further seeks a stay of discovery, pending disposition of the criminal case.

**A.     Motion To Intervene**

"In deciding a motion to intervene, the court first considers whether the government is entitled to intervene as of right." Securities and Exchange Com'n v. Mutuals.com, Inc., 2004 WL 1629929 at *1 (N.D. Tex. Jul. 20, 2004).

> Intervention as of right under Rule 24(a)(2) is appropriate if the applicant (1) files a timely application, (2) has an interest in the subject matter of the action, (3) demonstrates an impediment to protection of this interest arising from the pending action, and (4) shows inadequate protection of that interest by the existing parties to the action.

Id., citing Heaton v. Monogram Credit Card Bank of Ga., 297 F.3d 416, 422 (5th Cir. 2002).

Upon consideration, the Court finds the foregoing factors weigh in favor of granting the Government's Motion to Intervene. First, the Court finds the motion was timely filed; specifically, the Court notes that as stated above, the SEC filed the present lawsuit in February, 2007, the related criminal indictment was returned in March, 2007, and the Government moved to intervene in this action in April, 2007. "Therefore, this action has not been pending long enough so that the government's intervention will prejudice the parties." Mutuals.com, Inc., 2004 WL 1629929 at *1.

Second, the Court holds the Government clearly has an interest in the subject matter of the present action, "because it has a recognizable interest in preventing discovery in the civil case from being used to circumvent the more limited scope of discovery in the related criminal case." Mutuals.com, Inc., 2004 WL 1629929 at *1. Third, the Court finds allowing broad discovery in this civil matter may impair the Government's right to more limited discovery in the related criminal case. Id at *2 (citations omitted). Finally, as a party in this civil case, the SEC cannot adequately protect the interests of the Government, because it would be obligated to comply with discovery requests that were proper under the civil rules, regardless of whether they were proper under the more limited criminal discovery rules. Id. The Government's Motion to Intervene will therefore be granted. See

Securities and Exchange Com'n v. Mersky, 1994 WL 22305 at *1 (E.D. Pa. Jan. 25, 1994) ("Courts have almost universally permitted the United States to intervene in actions such as the present case.").

   **B.**    **Motion To Stay**

   As stated above, the Government has intervened in order to seek a stay of all discovery in this matter until the conclusion of the related criminal case.  The SEC does not oppose the Government's request.

   "The power of this Court to issue a stay of discovery cannot be questioned."  Securities and Exchange Com'n v. Downe, 1993 WL 22126 at *12 (S.D.N.Y. Jan. 26, 1993) (citation omitted).

> Courts from other jurisdictions have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including:  (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Mutuals.com, Inc., 2004 WL 1629929 at *3 (citations omitted).

   Upon consideration, the Court finds the majority of the relevant factors weigh in favor of granting the stay in this matter.  For example, Gerhardt does not dispute the Government's assertion that the subject matter of the civil and criminal cases is virtually identical.  Second, Gerhardt has been indicted, and, "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct."  Mutuals.com, Inc., 2004 WL 1629929 at *3 (internal quotations and citation omitted).  Third, as stated above, the SEC has agreed to stay the civil proceedings, and so the interests of the Plaintiff weigh in favor of a stay.  Id.  Finally, the Court concludes granting a stay will not unduly interfere with the management of its docket, and the

interests of the public weigh in favor of a stay as well. Id. at *4 (internal quotations and citation

omitted) ("[T]he public has an interest in ensuring the criminal discovery process is not subverted.").[1]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Intervene and for Temporary

Stay of Discovery (Doc. No. 12) is **GRANTED**, and all proceedings in this civil action are **STAYED**

pending the conclusion of the trial of the criminal case, Cause No. 4:07CR175 JCH.


Dated this <u>15th</u> day of May, 2007.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] The Court has considered Gerhardt's interests in opposing the stay, and the alleged burden he would face should the stay be granted, and concludes they do not outweigh those factors favoring the stay.